**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **YASEEN SAEED** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-575** |
| **BASSAM SAEED, ET AL.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Plaintiff Yaseen Saeed's ("Plaintiff") Motion for Reconsideration.[1] On March 23, 2026, Plaintiff filed a Complaint in this Court against twenty-eight named defendants: the United States Government, the United States Department of State, United States Embassies, the United States Department of Justice, Roses Verity Wholesale, Yemeni Association of California, Yemeni Association of Louisiana, Ali Hassan, Hair N Group, Ali Hareez, Medrem LNU, Aziz LNU, Fatah Saeed, Bassam Saeed, Almuntaser Saleh, Husam Nasher, Yahya Qahtan, Fadhle Mohsen, Ali Kassim, Hair Gallaria, Mukhtar LNU, Shaibi Chicago Holdings, LLC, Park Scott, LLC, Scott Ketchum, Mallory Ketchum, Ali Alubsaisi, Adnan Obaid, and Taha Alolaqi (collectively, "Defendants").[2] Plaintiff brings claims for breach of contract, fraud, fraudulent misrepresentation, interference with business relationships, and failure to disclose financial records to business operations and agreements.[3] Plaintiff seeks injunctive and declaratory relief, and unspecified monetary damages.[4]

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 1

[3] *Id.* It is unclear to the Court what claims Plaintiff is bringing against the United States Government, the United States Department of State, United States Embassies, the United States Department of Justice.

[4] *Id.*

On March 25, 2026, the Court denied Plaintiff's first request for a temporary restraining order, finding that Plaintiff had not met his burden on any of the four elements for a temporary restraining order.[5] On June 17, 2026, the Court denied Plaintiff's second request for a temporary restraining order, again finding that Plaintiff had not met his burden on any of the four elements for a temporary restraining order.[6] Plaintiff now seeks reconsideration of that ruling.

A motion for reconsideration is "'not the proper vehicle for rehashing evidence, legal theories, or arguments.'"[7]  Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[8]  "It is well settled that [such motions] should not be used . . .  to re-urge matters that have already been advanced by a party."[9]

In the motion for reconsideration, Plaintiff urges the Court to review Plaintiff's sworn affidavit which was attached to the second motion for a temporary restraining order, and states that he is the "main owner of [a] 50% Share of [the] Delano Property."[10] Further, Plaintiff asserts that Defendants would not suffer any harm if the requested temporary restraining order was granted.[11] However, Plaintiff has not presented any new information or evidence for this Court to consider. Plaintiff simply appears to be re-urging the Court to reconsider the second motion for a temporary

---

[5] Rec. Doc. 5.

[6] Rec. Doc. 11.

[7] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. CIV.A. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

[8] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[9] *Helena Labs. v. Alpha Scientific Corp.*, 483 F. Supp. 2d 538, 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[10] Rec. Doc. 12 at 1.

[11] *Id.*

restraining order, which this Court has already ruled on.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration[12] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this _23rd_ day of June, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[12] Rec. Doc. 12.